## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MOOREFIELD, | ) | |
| | ) | Civil Action No. 26-289 |
| Plaintiff, | ) | |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | Re: ECF No. 3 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Complaint, ECF No. 3, be dismissed, with prejudice, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, malicious, and/or for failure to state a claim on which relief may be granted.

### II.    REPORT

#### A.    Factual History and Procedural Background

Plaintiff Michael Moorefield ("Plaintiff"), is a *pro se* individual who recently has filed several short complaints in this Court.  See Civil Action Nos. 25-650; 26-134; 26-135; and 26-136. He initiated the instant civil action by filing the Complaint and motion for leave to proceed *in forma pauperis* ("IFP") which were received on February 18, 2026.  ECF No. 1.  *In forma pauperis* status was granted on February 24, 2026.  ECF No. 2.  The Complaint was formally filed on the same date.  ECF No. 3.

In the Complaint, Plaintiff alleges that Defendant denied Plaintiff's credit card application. Id. at 2.  The denial allegedly did not include sufficient specificity to comply with the Fair Credit Reporting Act ("FCRA") – particularly, the requirements set forth in 15 U.S.C. § 1681m(a).  Id.

1

at 1 and 2.  Plaintiff argues that he is entitled to damages pursuant to 15 U.S.C. § 1681n and 1681o.  Id. at 2.

**B.      Legal Standard**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP.  Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law.  Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).  Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The United States Court of Appeals for the Third Circuit has held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a Section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

That said, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc'd Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). A court further need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).

3

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This Court presumes, without deciding, that Plaintiff may be entitled to the benefit of Fletcher-Harlee in the instant matter.

**C.      Section 1681m Does Not Create a Private Right of Action.**

Plaintiff explicitly invokes a violation of Section 1681m in his Complaint, and asserts that he is entitled to damages pursuant to Sections 1681n and 1681o. ECF No. 3 at 2. He is mistaken.

15 U.S.C. § 1681m(h)(8) states:

(8) Enforcement

> (A) No civil actions
>
> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

Courts have held that this language bars any private right of action arising under any portion of Section 1681m.

> Subsection 1681m(h)(8) of the FCRA provides that § 1681m may not be enforced by § 1681n and § 1681o of the FCRA, which impose civil liability for willful or negligent noncompliance. Rather, § 1681m may only be enforced by the Federal Trade Commission, other federal administrative agencies, and state officials or agencies pursuant to § 1681s of the FCRA. Because plaintiffs have no private right of action for any purported violation of § 1681m, their claim under § 1681m(d)(1)(D) is not viable.

Doe-1 v. LexisNexis Risk Sols., Inc., No. CV 24-4566, 2025 WL 1334461, at *9 (D.N.J. May 7,

2025) (footnote omitted). <u>See also</u> <u>Neals v. Mortg. Guar. Ins. Corp.</u>, No. CIV.A. 10-1291, 2011 WL 1897442, at *9 (W.D. Pa. Apr. 6, 2011), <u>report and recommendation adopted sub nom.</u> <u>Neals v. Mortg. Guarantee Ins. Corp.</u>, No. 2:10CV1291, 2011 WL 1897452 (W.D. Pa. May 18, 2011) (collecting cases).

Because there is no private right of action available to Plaintiff under this statute, the Complaint should be dismissed. Additionally, because any amendment would be futile, dismissal should be with prejudice. <u>Fletcher-Harlee</u>, 482 F.3d at 251 (3d Cir. 2007).

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint, ECF No. 3, be dismissed, with prejudice, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, malicious, and/or for failure to state a claim on which relief may be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: March __10__ , 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:      Hon. Nora Barry Fischer
         United States District Judge

Michael Moorefield
305 San Juan
Apt 8
McKeesport, PA 15132