**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL MOOREFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-289 |
| | ) | Judge Nora Barry Fischer |
| JP MORGAN CHASE BANK, N.A., | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

AND NOW, this 20th day of March, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Maureen P. Kelly on March 10, 2026, (Docket No. 5), recommending after preservice screening that Plaintiff Michael Moorefield's Complaint against Defendant JP Morgan Chase Bank, N.A. for the denial of his credit card application in alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a) be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous, malicious and/or for failure to state a claim because there is no private right of action available to Plaintiff under that statute, and that leave to amend be denied, as futile, the Magistrate Judge having further directed that objections were due by March 27, 2026, (Docket No. 5), Plaintiff's Objections which were timely filed on March 16, 2026, (Docket No. 6), and upon independent review of the record and de novo consideration of the Magistrate Judge's March 10, 2026 Report and Recommendation, (Docket No. 5),

IT IS HEREBY ORDERED that Plaintiff's Objections [6] are OVERRULED. In so holding, the Court notes that Plaintiff does not directly object to the Report and Recommendation's

1

conclusion that his Complaint should be dismissed because the cited portion of the Fair Credit Reporting Act, i.e., 15 U.S.C. § 1681m, does not support a private cause of action and the Court agrees that the Complaint is subject to dismissal for the reasons set forth in the Report and Recommendation. (*See* Docket No. 6). Plaintiff's main objections focus on the denial of leave to amend as he contends that preservice dismissal of pro se complaints is frowned upon, points out that his pleadings should be liberally construed as a pro se litigant and argues that he could amend his Complaint to assert causes of action under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d) and/or under separate provisions of the Fair Credit Reporting Act including 15 U.S.C. § 1681b – impermissible use of consumer reports; § 1681e(b) – failure to follow reasonable procedures to assure maximum possible accuracy of consumer report information; § 1681i – failure to conduct a reasonable investigation after a dispute. (Docket No. 6).

As to Plaintiff's procedural objections, the Magistrate Judge and this Court have liberally construed Plaintiff's allegations consistent with *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and its progeny. Additionally, Plaintiff has been granted in forma pauperis status based upon his allegations that he lacks the financial wherewithal to pay the applicable filing fee including that he has only $40 in cash and that seventy percent (70%) of his take home income is subject to garnishment by the IRS due to a federal tax lien, and the Magistrate Judge and the Court have therefore appropriately screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* Docket Nos. 1, 2, 5). As the Magistrate Judge noted, the standard for leave to amend is that it should generally be granted to pro se parties without an explicit request—unless the Court determines that an amendment would be futile or inequitable. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Since the Magistrate Judge applied the correct standards, Plaintiff's procedural objections are overruled.

With respect to the substance of Plaintiff's objections, he claims that the Magistrate Judge's recommendation to deny him leave to amend should be set aside because he could amend his complaint to include claims under different provisions of the Fair Credit Reporting Act or under the Equal Credit Opportunity Act. (*See* Docket No. 6). The Court has reviewed the cited statutes in light of Plaintiff's allegations and finds that his Objections lend further support for the decision that the Complaint should be dismissed, with prejudice and without leave to amend because Plaintiff has failed to state a claim under any of the additional statutes referenced in his Objections, making it even clearer now that leave to amend would be futile. (*See* Docket No. 6). The Court briefly reviews the proposed amendments, in turn.

As to the Equal Credit Opportunity Act, the U.S. Court of Appeals for the Third Circuit has held that:

> the ECOA makes it unlawful for creditors to "discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). To discourage creditors from discriminatory practices, the statute contains a notice provision requiring that "within thirty days ... after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). If the action taken by the creditor is adverse, which includes the "denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," the ECOA and its implementing regulation, known as Regulation B, require the creditor to send a written notice to the applicant. 15 U.S.C. § 1691(d)(6); 12 C.F.R. § 202.9(a)(1)(iii).
>
> Regulation B specifies that the written notice must contain (1) a statement of the action taken; (2) the name and address of the creditor; (3) a statement of the anti-discrimination provision codified in § 701(a) of the ECOA; (4) the name and address of the federal agency that administers compliance concerning the creditor; and (5) a statement of specific reasons for the action taken. 12 C.F.R. § 202.9(a)(2). The statement of reasons "must be specific and indicate the principal reason(s) for the adverse action." 12 C.F.R. §

202.9(b)(2). "Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant ... failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." *Id*.

The November 5, 2010 letter from Citizens Bank to Dieffenbach fully satisfied the notice requirements of the ECOA and Regulation B. The notice was in writing. It explicitly stated that Citizens Bank's decision was not to renew Dieffenbach's credit card. It provided the name and address of the creditor. It set forth the anti-discrimination provision of the ECOA. It informed Dieffenbach of the name and address of the federal agency that administers compliance concerning Citizens Bank, and Dieffenbach subsequently contacted that agency. Finally, the letter contained a statement of reasons for the decision not to renew Dieffenbach's card, namely that his account did not score well enough on Citizens Bank's internal scoring system due to the four specific reasons further explained in the letter. Those reasons were explained as (1) "Payments this month as a percentage of the amount due for last month"; (2) "Maximum balance as a percentage of credit limit in the last 3 cycles"; (3) "Length of time account has been opened"; and (4) "Total cash balances as a % of total balances in the last 3 cycles."

*Dieffenbach v. RBS Citizens, N.A.*, 514 F. App'x 125, 127–28 (3d Cir. 2013) (internal footnotes omitted).

Here, Plaintiff alleges that he applied for a Chase Freedom consumer credit card on September 8, 2025.  (Docket No. 3 at ¶ 6).  He avers that Defendant obtained and used his credit report to evaluate his application and denied him credit.  (*Id*. at ¶ 7).  He adds that Defendant sent him an adverse action notice stating that the application was denied because of the following reasons: "Not enough established consumer credit history" and "No information available on balance in your bank deposit account(s)." (*Id*. at ¶¶ 8-10).  Plaintiff complains that these reasons are not sufficiently specific and are vague and conclusory.  (*Id*. at ¶¶ 11-12).  However, in light of the Court of Appeals' decision in *Dieffenbach* and the regulations cited therein, the Court believes that Plaintiff was provided sufficient reasons for the denial of his credit application as the reasons exceed the minimum standards set forth in the regulations.  *See Dieffenbach*, 514 F. App'x at 127-

4

28.  Hence, the Court finds that any amendment to the Complaint to add a claim under the Equal Credit Opportunity Act would be futile.  *See Fletcher-Harlee Corp.*, 482 F.3d at 251.

Plaintiff's attempts to amend his Complaint through references to additional provisions under the Fair Credit Reporting Act do not fare any better.  (*See* Docket No. 6).  To that end, he argues that he could state a claim against Defendant under § 1681b alleging impermissible use of consumer reports but the Court of Appeals has recognized that the statute expressly "authorizes an offeror of credit to access a consumer's credit report 'when the consumer applies for credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009)); *see also* 15 U.S.C. § 1681b(a)(3).  The other two provisions that Plaintiff cites, 15 U.S.C. §§ 1681e(b) and 1681i, govern the conduct of consumer reporting agencies in the accuracy of information provided in consumers' credit reports and how they respond to disputes by consumers including that the agencies conduct a good faith investigation regarding the dispute and timely modify inaccurate information in the challenged credit reports.  *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 707 (3d Cir. 2010) (analyzing claims against Trans Union – a credit reporting agency); *see also Bibbs v. Trans Union LLC*, 43 F.4th 331, 344–45 (3d Cir. 2022).  Since Plaintiff alleges that Defendant denied his credit application based on a credit report it obtained from an unidentified third-party credit reporting agency, he has failed to state a claim that Defendant violated either of these provisions and it would be futile to permit him to amend his complaint to add any such claims against Defendant.  *See Fletcher-Harlee Corp.*, 482 F.3d at 251.

All told, given that Plaintiff has failed to state a claim against Defendant arising out of the allegations in his Complaint and the statutes that he has identified in his Objections would not support a plausible claim against Defendant, the Court will dismiss this action, with prejudice, and without leave to amend.  *See id.*;

5

IT IS FURTHER ORDERED that the Report and Recommendation [5] is ADOPTED as the Opinion of the Court, as supplemented herein;

IT IS FURTHER ORDERED that Plaintiff's Complaint [3] is DISMISSED, with prejudice, and leave to amend is denied, as futile; and,

IT IS FURTHER ORDERED that an appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  U.S. Magistrate Judge Maureen P. Kelly

Michael Moorefield
305 San Juan
Apt 8
McKeesport, PA 15132
(via first class mail and email to: beneficiaryexperience1982@gmail.com )